# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IONRACAS, LLC d/b/a Apex Energy Solutions Utah,<br><br>Plaintiff,<br><br>v.<br><br>APEX ENERGY GROUP, LLC,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 2:18-cv-00746-JNP<br><br>District Judge Jill N. Parrish |

Before the court is defendant Apex Energy Group LLC's motion to dismiss the lawsuit filed by plaintiff Ionracas, LLC as moot. [Docket 20.] The court DENIES the motion.

## ANALYSIS

Apex notified Ionracas of its intent to terminate a franchise agreement between them unless Ionracas paid overdue royalty fees and signed a modification that would make it easier to terminate the franchise agreement if Ionracas were late on any future royalty payments. Ionracas paid the overdue royalty fee but refused to sign the modification. Apex continued to threaten to terminate the franchise agreement unless Ionracas signed the modification.

Ionracas filed a suit and motion for a temporary restraining order (TRO) and a preliminary injunction enjoining Apex from terminating the franchise agreement. The court granted Ionracas's request for a TRO and scheduled a hearing on the motion for a preliminary injunction. Apex subsequently filed a motion to dismiss Ionracas's action. Apex represents that it has withdrawn its termination notice and argues that Ionracas's claims are therefore moot.

Ionracas opposes the motion to dismiss. It represents that Apex has refused to provide any assurances that it will not renew its attempts to terminate the franchise agreement once this action is dismissed. Ionracas argues, therefore, that the voluntary cessation doctrine prevents this case from being moot. Under this doctrine, "[t]he voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Knox v. Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012). Accordingly, the standard "for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: 'A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

In its reply brief, Apex does not provide any assurances that it will not simply reissue a termination notice. Nor does it otherwise attempt to carry its heavy burden of showing that the conduct challenged by Ionracas "could not reasonably be expected to recur." *Id.* Instead, Apex argues that the voluntary cessation doctrine does not apply to this case. Apex notes that some courts have stated that the voluntary cessation rule generally applies when a defendant halts "unlawful conduct." *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("[A] defendant cannot automatically moot a case simply by ending its unlawful conduct once sued."). Apex contends that because breach of a contract is not illegal or unlawful, the voluntary cessation rule cannot prevent a defendant from mooting an injunctive relief action by stopping the breaching conduct. *See IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F. Supp. 2d 395, 407 (S.D.N.Y. 2009) ("As for the License Agreement, any alleged inducements by the Zohar Funds or Patriarch are also only breach of contract claims, not illegal activity."). In other words, Apex argues that a party breaching a

contract is free to avoid injunctions by briefly ceasing the conduct, only to reinitiate the conduct once the case has been dismissed.

None of the cases cited by Apex support this proposition. Although some courts have used the term "unlawful conduct" or "illegal practice" when describing the voluntary cessation doctrine in cases where the enjoined party's conduct was contrary to law, these courts have not limited the application of the doctrine to cases involving unlawful conduct. *See Already*, 568 U.S. at 91; *Brown v. Buhman*, 822 F.3d 1151, 1166 (10th Cir. 2016); *Chihuahuan Grasslands All. v. Kempthorne*, 545 F.3d 884, 892 (10th Cir. 2008). Moreover, courts have also used broader terms when discussing the voluntary cessation doctrine. The U.S. Supreme Court and the Tenth Circuit have held that this doctrine applies when a party ceases the "challenged conduct," "allegedly wrongful behavior," or "offensive conduct." *Knox*, 567 U.S. at 307; *Friends of the Earth*, 528 U.S. at 189; *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1115 (10th Cir. 2010). Indeed, courts have specifically applied the voluntary cessation doctrine in cases where the enjoined conduct was a breach of contract. *CW Gov't Travel, Inc. v. United States*, 61 Fed. Cl. 559, 580–81 (2004); *Emery Worldwide Airlines, Inc. v. United States*, 47 Fed. Cl. 461, 469 (2000) ("A defendant's voluntary cessation of a challenged practice or conduct—in this case contract breaches—does not necessarily deprive a federal court of its power to determine the legality of the practice.").

Accordingly, the court concludes that the voluntary cessation doctrine applies where the enjoined conduct is a breach of contract or threatened breach of contract. Given that Apex has made no attempt to carry its burden of showing that the challenged conduct in this case—threatening to terminate the franchise agreement—"could not reasonably be expected to reoccur," *Friends of the Earth*, 528 U.S. at 189, its retraction of the termination notice did not moot this case. The court, therefore, DENIES Apex's motion to dismiss this action.

Signed October 22, 2018.

                BY THE COURT

                _____
                Jill N. Parrish
                United States District Court Judge